UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FRANK LAMONT DOWELL, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:18-CV-439-JVB-JEM |
| ) | |
| LAFAYETTE POLICE DEPARTMENT, *et al.*, ) | |
| Defendants. ) | |

## OPINION AND ORDER

Frank Lamont Dowell, a prisoner without a lawyer, filed an amended complaint [DE 8] against four defendants. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dowell alleges that, on November 17, 2016, he was falsely arrested and falsely imprisoned when Lafayette Police Officer Saxton arrested him for a crime he did not commit. (Am. Compl. 3, ECF No. 8). He was detained at the Lafayette County Jail until he posted bond on November 25, 2016. *Id*. Dowell states that, because he was not the person who committed the crime, his charges were dismissed on April 27, 2017. *Id*.

To prevail on a false arrest or false imprisonment claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "[Probable cause]

requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Muhammad v. Pearson*, 900 F.3d 898, 908 (7th Cir. 2018). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 F. App'x 612, 615 (7th Cir. 2019) (finding the lack of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). An officer has probable cause to arrest "if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed." *McBride*, 576 F.3d at 707. Because he has not alleged facts from which it can be reasonably inferred that Officer Saxton did not have probable cause to arrest him, he cannot proceed on a false arrest or false imprisonment claim.

Dowell next asserts that, on November 17, 2016, when he was arrested, Officer Saxton deployed his K-9 partner to intentionally inflict bodily harm on him. (Am. Compl. 3, ECF No. 8). In particular, he states that when he was handcuffed lying face down on the ground, Officer Saxton gave his K-9 orders to bite him. *Id*. at 3-4. Dowell claims the K-9 bit him in several areas, including his left shoulder, left bicep, left buttock, and in his left groin area. *Id*. at 3. He asserts that Lafayette Police Officer Meluch noted in his official sworn police report that Officer Saxton "made contact" with him and Officer Meluch watched as the K-9 "continued to bite" him. *Id*. at 4. After being bitten, Dowell states he was transported to the hospital where he was treated and, after that, he was placed in a medical holding cell at the Tippecanoe County Jail for two days, during which time he was incoherent. *Id*.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an

excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Dowell the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim of excessive force against Officer Saxton for commanding his K-9 to bite Dowell on his left shoulder, left bicep, left buttock, and in his left groin area.

To the extent Dowell alleges that Officer Meluch watched as Officer Saxton's K-9 bit him on multiple parts of his body but did nothing to stop the K-9, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, it can plausibly be inferred that there was sufficient time for Officer Meluch to stop the K-9 from biting Dowell because, according to Dowell, Officer Meluch watched as the K-9 "continued to bite" him and he was bitten multiple times over several parts of his body. Therefore, Dowell has alleged a claim for failure to intervene against Officer Meluch.

While it is not entirely clear from the amended complaint, Dowell appears to be suing the City of Lafayette, Indiana because the City failed to properly train its police officers. (Am. Compl. 3-4, ECF No. 8). Municipalities, however, cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). For liability to attach against a municipality under § 1983, a plaintiff must show that "*deliberate* action attributable to the

municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (emphasis in original). "Municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Because Dowell does not allege that the City of Lafayette, Indiana, failed to train its police officers as a result of an official policy or custom established by the City, he cannot proceed on this claim.

To the extent Dowell is also suing the Lafayette Police Department for failing to properly train its police officers, in the context of the Eighth Amendment, a failure-to-train claim can only be maintained against a municipality. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994). As stated, Dowell has not alleged in his amended complaint that the City failed to train its police officers pursuant to an official policy or custom. Therefore, Dowell cannot proceed against the Lafayette Police Department.

Dowell next asserts that his constitutional rights were violated when Officer Saxton failed to follow Lafayette Police Department policy because he released the K-9 without knowing if he was apprehending the correct suspect and he did not verbally warn him that the K-9 was about to be released. (Am. Compl. 3, ECF No. 8). The failure to follow policy is not a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Thus, he cannot proceed on this claim.

Dowell further raises a number of state law claims, including abuse of process and intentional infliction of emotional distress against Officers Saxton and Meluch. (Am. Compl. 4, ECF No. 8). Under the Indiana Tort Claims Act, a tort claim against a political subdivision is

4

barred unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions as well. *Id.* However, Dowell's amended complaint does not include any allegations that he complied with the notice requirements of the Indiana Tort Claims Act. Thus, the state law claims will be dismissed.

For these reasons, the Court:

(1) **GRANTS** Frank Lamont Dowell leave to proceed against Lafayette Police Officer Saxton in his individual capacity for compensatory and punitive damages, for using excessive force against Frank Lamont Dowell when he commanded his K-9 to bite him on November 17, 2016, in violation of the Eighth Amendment;

(2) **GRANTS** Frank Lamont Dowell leave to proceed against Lafayette Police Officer Meluch in his individual capacity for compensatory and punitive damages, for failing to intervene when Officer Saxton's K-9 continued to bite Frank Lamont Dowell on November 17, 2016, in violation of the Eighth Amendment;

(3) **DISMISSES** the Lafayette Police Department and the City of Lafayette, Indiana;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lafayette Police Officer Saxton and Lafayette Police Officer Meluch at the Lafayette Police Department with a copy of this order and the amended complaint (ECF 8), pursuant to 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Lafayette Police Officer Saxton and Lafayette Police Officer Meluch respond, as provided for in the Federal Rules of Civil

Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 12, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
